# Swift v. Stovall.

*Action of Assumpsit.*

1. *Right to maintain action for goods sold; estoppel.*—One who requests a third person to purchase certain personal property, in which

[Swift v. Stovall.]

he claims no interest, from his tenant, who has, without the landlord's knowledge, had the price thereof charged to his account, can not, upon afterwards discovering that fact, maintain an action therefor against said purchaser, who has in good faith paid the price to the tenant.

APPEAL from the County Court of Cleburne.

Tried before the Hon. S. F. BABER.

The appeal in this case is taken by the defendant in the court below from a judgment rendered against him; and he assigns as error, among other rulings, that the court erred in the refusal to give the general affirmative charge at his request. The facts of the case are sufficiently stated in the opinion.

AIKEN & BURTON, for appellant.

No counsel marked as appearing for appellee.

HEAD, J.—Suit for $11.50 for bagging and ties claimed to have been sold by appellee, Stovall, to appellant, Swift. Though the plaintiff testified, in general terms, that he sold the bagging and ties to defendant, yet he proceeded to explain that testimony by giving the particulars of the transaction, and showed by the undisputed facts, given by himself, that he did not own or claim the bagging and ties at the time defendant received them, and made no sale whatever of them. The articles were purchased at a store by one C. T. Williamson, to be used by him and his sons in operating a gin they had rented from plaintiff. Shortly after this, plaintiff sold the gin to defendant, and the Williamsons gave it up. At this time, the bagging and ties and some wood belonging to the Williamsons were there, and plaintiff suggested to defendant that he would be glad if he, defendant, would take those articles off the Willamsons' hands. He replied he would buy the wood of them, and would also take the bagging and ties if the price was not too high. Plaintiff replied he, defendant, could get the account and see what it cost. Defendant took and used both wood and bagging and ties, and, as the undisputed evidence shows, paid the Williamsons for them, making the payment to A. L. Williamson. It turned out that C. T. Williamson, when he bought the bagging and ties at the store, had the same charged to

[Perryman & Co. v. Smith *et al.*]

plaintiff, Stovall, but without his knowledge or authority. The merchant presented the bill to plaintiff and he repudiated it, and declared he had not authorized the purchase and would not pay it, unless he could get the money, by suit, out of defendant. Thereafter plaintiff demanded payment of the amount of defendant, who replied that he had paid the same to A. L. Williamson, to which plaintiff replied that he had paid it to the wrong man; that he ought to have paid it to C. T. Williamson. These are the facts shown almost entirely by the plaintiff's own testimony. Thus it appears that when defendant bought the goods from Williamson, and converted them, plaintiff had and claimed no shadow of title to them, and had done no act tending to ratify C. T. Williamson's act in having them charged to him; in fact, did not know such a charge had been made. He did not sell, or profess to sell the goods to defendant. The court erred in refusing to give the general charge for the defendant.

The judgment of the county court is reversed and the cause remanded.